**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

_____

MICHAEL BARNES, JR., an individual,   :     [__ Civ. ____ (___)(___)]

                  Plaintiff,   :

v.   :   **COMPLAINT**

ALTA RESOURCES CORPORATION,   :

                  Defendant.   :

_____

**COMPLAINT & DEMAND FOR JURY TRIAL**

MICHAEL BARNES, JR. ("Plaintiff", "BARNES") by and through his counsel sues ALTA RESOURCES CORPORATION ("ALTA RESOURCES"), alleges and states as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff, BARNES, brings this action against ALTA RESOURCES (hereinafter, "Defendant"), for violations of Title VII of the Civil Rights Act of 1964 (Title VII).

2. Defendant hired BARNES on August 17, 2015. During his tenure at ALTA RESOURCES, BARNES had satisfactory job performance and received recognition for satisfactory and outstanding performance. Despite BARNES' many accomplishments, Defendant was subjected to discrimination and retaliation because of reported alleged sexual harassment against him. On February 5, 2021, after five years and six months of service to ALTA RESOURCES, Defendant constructively discharged BARNES by providing unjustified written reprimands which were under investigated, unsubstantiated, and by otherwise claiming he had issues with his job performance.

## JURISDICTION

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, in that this is a civil action arising under Title VII.

## VENUE

4. Venue is proper in this district under 42 U.S.C. § 2000e-5(f)(3), in that the unlawful employment practice was committed in Florida, 42 U.S.C. § 2000e-5(f)(3), in that the relevant employment records are maintained in this district, 42 U.S.C. § 2000e-5(f)(3), in that BARNES worked in this district and would have continued to if the issues discussed herein had not occurred.

5. The ALTA RESOURCES has an office in this district, where BARNES worked, and this district has a substantial connection to the claim.

## CONDITIONS PRECEDENT

6. In or around August 05, 2021, BARNES timely filed a charge of sexual harassment discrimination with the Equal Employment Opportunity Commission (EEOC).

7. On or about February 8, 2022, the EEOC issued BARNES a Notice of Right to Sue. This Complaint has been filed within 90 days of receipt of that notice. BARNES has fully complied with all prerequisites to jurisdiction in this Court under Title VII.

## PARTIES

8. BARNES is a man who is domiciled in Fort Myers, Florida. Plaintiff is a citizen of the United States of America.

9. BARNES was an employee, as defined by Title VII.

10. Upon information and belief, ALTA RESOURCES is a privately held corporation providing business-process outsourcing for various companies and clientele, globally doing business in Lee County, Fort Myers, Florida. Upon information and belief, ALTA

RESOURCES is an employer as defined by Title VII.

## FACTS

11. BARNES began working for Defendant on August 17, 2015, as a temporary employee. Within the first year of employment, BARNES became a permanent employee and thereafter worked his way up to becoming a Team Leader in the Fort Myers, Florida location.

12. During his tenure, BARNES had satisfactory job performance.

13. Defendant recognized BARNES' accomplishments by awarding and recognizing him for exceptional performance, featuring BARNES on ALTA RESOURCES' website platform, and gave numerous accolades to celebrate his performance. BARNES consistently received positive performance reviews throughout his tenure.

14. On or around July 13, 2020, BARNES participated in a sexual harassment investigation where he was falsely accused of sexually harassing another employee.

15. After participating in the sexual harassment investigation, BARNES was retaliated against based on his participation in the investigation.

16. After being falsely being accused of sexual harassment by an individual who is known for bringing forth vexatious complaints, ALTA RESOURCES started to treat BARNES differently. Specifically:

    a. BARNES was written up for unjustified reasons on two separate occasions;

    b. BARNES was outcasted by the other employees and team leaders;

    c. Because BARNES was being outcasted by others in the "team environment", this turned into a "hostile environment";

d. ALTA RESOURCES targeted BARNES, and held him to a higher standard than other team leaders when by requiring that BARNES perform coachings with other staff members, and requiring him to submit documentation on a weekly basis;

e. BARNES tried to request going to a different department, and was told that transferring was not an option;

f. BARNES' input was disregarded;

g. BARNES was ostracized and other employees did not want to be affiliated with him;

h. BARNES requested an outline of the requirements needed to fulfill his job, and BARNES was denied that request on multiple occasions;

i. ALTA RESOURCES claimed to have full support in moving forward from the prior investigation; however, when BARNES reported to Human Resources that he was being treated differently, they did not take any action to assist him;

j. ALTA RESOURCES was biased in assuming that since BARNES was a male/man, he automatically engaged in the alleged wrongdoing, even though it had no cause or justification in doing so;

k. ALTA RESOURCES failed to keep BARNES' sexual harassment investigation confidential which resulted in fellow employees treating BARNES differently;

l. The work environment became so stressful for BARNES that he began suffering from significant stress and anxiety;

m. BARNES continuously reported the retaliatory conduct to no avail because the harassment and retaliation continued.

17. As a result of BARNES' complaint to ALTA RESOURCES, Defendant subjected BARNES to unlawful retaliation to include, the creation of a stressful and hostile work environment, scrutinizing BARNES' work, preparing and issuing unjustified written

reprimands. The conduct exhibited by Defendant resulted in BARNES' constructive discharge.

## COUNT ONE

## Retaliation in Violation of Title VII of the Civil Rights Act of 1964

## (42 U.S.C. §§ 2000e et al.)

18. BARNES repeats and realleges paragraphs 1 through 17 hereof, as if fully set forth herein.

19. On or around July 13, 2020, BARNES engaged in protected activity by participating in an investigation regarding sexual harassment in the workplace.

20. Shortly after BARNES participated in the sexual harassment investigation, Defendant constructively discharged BARNES on February 5, 2021, because it constantly scrutinized his work, issued him unjustified written reprimands, and retaliated against him.

21. After BARNES' constructive discharge ALTA RESOURCES continued its retaliatory actions. ALTA RESOURCES', Vice President, contacted BARNES advising him of an opening in his department (a different department from where BARNES previously worked) and indicating he would consider BARNES for the position. BARNES completed the interview process for that position; however, instead of receiving the job offer he received a proposed release of claims which he did not agree to and/or execute. BARNES was advised that his "prior supervisors" did not feel he was a good fit. Further, BARNES position was ultimately filled by the vexatious complainant's son.

22. BARNES suffered damages as a result of Defendant's unlawful retaliatory actions, including emotional distress, past and future lost wages and benefits, retirement benefits, medical costs, and the costs of bringing this action.

23. Defendant intentionally violated BARNES' rights under Title VII, with malice or reckless indifference, and, as a result is liable for punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff MICHAEL BARNES, JR., respectfully requests judgment as follows:

A. Accept jurisdiction over this matter;

B. Award Plaintiff for his past and future loss of wages and benefits, retirement benefits, plus interest;

C. In lieu of reinstatement, award Plaintiff front pay (including benefits);

D. Award to Plaintiff liquidated damages incurred in connection with this action, equal to the sum amount of backpay and interest;

E. Award to Plaintiff all costs and reasonable attorneys' fees incurred in connection with this action;

F. Award to Plaintiff compensatory damages; and

G. Grant Plaintiff such additional or alternative relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

## DEMAND FOR JURY TRIAL

Plaintiff, MICHAEL BARNES, JR., demands a trial by jury in this action of all issues so triable.

Dated this 9th day of May 2022.

> Light Path Law, P.A.
> *Counsel for Plaintiff*
> 3620 Colonial Blvd. #130
> Fort Myers, FL 33966
> Phone: (239) 689-8481
> Fax: (239) 294-3930

kscott@lightpathlaw.com (Primary)
jjordan@lightpathlaw.com  (Secondary)

By: _____
    Kristie A. Scott
    Florida Bar No. 108111